Daniel P. Velocci (025801) - dpv@imlawpc.com
**IANNITELLI MARCOLINI, P.C.**
5353 North 16th Street, Suite 315
Phoenix, Arizona 85016
(602) 952-6000
*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Kristofer Strojnik, dealing with his sole and separate claim,<br><br>Plaintiff,<br><br>vs.<br><br>American Express Company, a New York corporation,<br><br>Defendant. | No. CV-23-00340-PHX-SPL<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AMERICAN EXPRESS NATIONAL BANK TO PLAINTIFF'S COMPLAINT FOR DAMAGES** |

Defendant American Express National Bank ("American Express"), erroneously named as American Express Company, hereby answers the Complaint for Damages filed by Plaintiff Peter Kristofer Strojnik ("Plaintiff"). American Express denies any allegations contained in any headings, including misnumbered and unnumbered paragraphs. Any allegation not specifically admitted herein is denied.

**PARTIES**

1.  Answering Paragraph 1 of the Complaint, American Express states that this paragraph contains no allegations directed towards American Express and, therefore, no response is required. To the extent a response is required, American Express lacks knowledge or information sufficient to form a belief as to the truth of

1

the allegations contained therein and, on that basis, denies the allegations contained therein.

2. Answering Paragraph 2 of the Complaint, American Express states that it is a Utah national bank with its main office in Utah and admits that it extends credit to consumers. American Express denies that it, or any other American Express entities, have any liability in this action.

## JURISDICTION

3. Answering Paragraph 3 of the Complaint, American Express does not challenge subject matter jurisdiction for purposes of this action only, but Plaintiff's claims are subject to binding contractual arbitration and American Express specifically reserves, and does not waive, the right to compel arbitration of such claims.

4. Answering Paragraph 4 of the Complaint, American Express does not challenge supplemental jurisdiction for purposes of this action only, but Plaintiff's claims are subject to binding contractual arbitration and American Express specifically reserves, and does not waive, the right to compel arbitration of such claims.

5. Answering Paragraph 5 of the Complaint, American Express denies the allegations contained therein.

6. Answering Paragraph 6 of the Complaint, American Express denies the allegations contained therein.

## ALLEGATIONS

7. Answering Paragraph 7 of the Complaint, American Express denies the allegations contained therein.

8. Answering Paragraph 8 of the Complaint, American Express denies that it furnished any inaccurate information to any consumer reporting agency regarding Plaintiff's American Express card account. Except as expressly stated, American Express lacks knowledge or information at this time sufficient to form a

belief as to the truth of the allegations contained in Paragraph 8 and, on that basis, denies the allegations contained therein.

9. Answering Paragraph 9 of the Complaint, American Express lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

10. Answering Paragraph 10 of the Complaint, American Express denies the allegations contained therein.

11. Answering Paragraph 11 of the Complaint, American Express admits that Plaintiff made a $3,648.78 payment towards his outstanding American Express card account balance but otherwise denies the allegations contained in Paragraph 11.

12. Answering Paragraph 12 of the Complaint, American Express denies that it furnished any inaccurate information to any consumer reporting agency regarding Plaintiff's American Express card account. Except as expressly stated, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, on that basis, denies the allegations contained therein.

13. Answering Paragraph 13 of the Complaint, American Express denies the allegations contained therein.

14. Answering Paragraph 14 of the Complaint, American Express denies the allegations contained therein.

15. Answering Paragraph 15 of the Complaint, American Express denies the allegations contained therein.

16. Answering Paragraph 16 of the Complaint, American Express denies the allegations contained therein.

17. Answering Paragraph 17 of the Complaint, American Express denies the allegations contained therein.

## FIRST CAUSE OF ACTION

### (Violation of Fair Credit Reporting Act)

18. Answering Paragraph 18 of the Complaint, American Express incorporates by reference its answers to Paragraphs 1-17, above, as though fully stated herein.

19. Answering Paragraph 19 of the Complaint, American Express states that this Paragraph contains legal conclusions to which no response is required. To the extent a response is required, American Express admits that it furnished accurate information to consumer reporting agencies regarding Plaintiff's American Express card account.

20. Answering Paragraph 20 of the Complaint, American Express states the allegations in this Paragraph consists of a legal conclusions to which no response is required. To the extent that a response is required, American Express lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, on that basis, denies the allegations contained therein.

21. Answering Paragraph 21 of the Complaint, American Express denies the allegations contained therein.

22. Answering Paragraph 22 of the Complaint, American Express denies the allegations contained therein.

Answering Plaintiff's unnumbered "WHEREFORE" Paragraph, and each of its subsections, American Express denies that Plaintiff is entitled to any damages or relief whatsoever against American Express.

## SECOND CAUSE OF ACTION

### (Breach of Contract)

23. Answering Paragraph 23 of the Complaint, American Express incorporates by reference its answers to Paragraphs 1-22, above, as though fully stated herein.

4

24. Answering Paragraph 24 of the Complaint, American Express admits that American Express and Plaintiff entered into a valid and binding Cardmember Agreement that governed the Account and that mandates that any disputes regarding Plaintiff's account be submitted to private, binding arbitration.

25. Answering Paragraph 25 of the Complaint, American Express denies the allegations contained therein.

26. Answering Paragraph 26 of the Complaint, American Express denies the allegations contained therein.

Answering Plaintiff's unnumbered "WHEREFORE" Paragraph, and each of its subsections, American Express denies that Plaintiff is entitled to any damages or relief whatsoever against American Express.

## THIRD CAUSE OF ACTION

### (Fraud)

27. Answering Paragraph 27 of the Complaint, American Express incorporates by reference its answers to Paragraphs 1-26, above, as though fully stated herein.

28. Answering Paragraph 28 of the Complaint, American Express denies the allegations contained therein.

29. Answering Paragraph 29 of the Complaint, American Express denies the allegations contained therein.

30. Answering Paragraph 30 of the Complaint, American Express denies the allegations contained therein.

31. Answering Paragraph 31 of the Complaint, American Express denies the allegations contained therein.

Answering Plaintiff's unnumbered "WHEREFORE" Paragraph, and each of its subsections, American Express denies that Plaintiff is entitled to any damages or relief whatsoever against American Express.

## DEMAND FOR JURY TRIAL

American Express admits that Plaintiff requests a trial by jury but denies that Plaintiff is entitled to a jury trial given the mandatory, binding arbitration provision in Plaintiff's American Express Cardmember Agreement that he admits to having with American Express in the Second Cause of Action.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, American Express alleges the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Arbitration)

Plaintiff's claims may be subject to binding arbitration pursuant to a valid and binding arbitration agreement and American Express specifically reserves, and does not waive, the right to compel arbitration of any claims asserted by Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State A Claim)

The Complaint, and each claim and cause of action set forth therein, fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

### (Apportionment)

American Express is not legally responsible with respect to the damages that may be claimed by Plaintiff as a result of the matters alleged in the Complaint; however, if American Express is found to be legally responsible in any manner, then it alleges that its legal responsibilities are not the sole and proximate cause of the injuries and the damages awarded, if any, are to be apportioned accordance with the fault and legal responsibility of all non-American Express parties, persons and entities, or the agents, servants and employees of such non-American Express parties, persons and entities, who contributed to and/or caused said damages, according to proof presented at the time of trial.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

To the extent that Plaintiff has suffered any damage as a result of the matters alleged in the Complaint, Plaintiff failed to mitigate those damages and Plaintiff's claims therefore are barred, in whole or in part.

**FIFTH AFFIRMATIVE DEFENSE**

**(Independent/Intervening Conduct)**

Plaintiff is barred from recovery in that any damage, injury and/or harm Plaintiff allegedly sustained was the direct and proximate result of the independent, intervening, negligent, criminal and/or unlawful conduct of independent parties or their agents, and not the result of any act or omission on the part of American Express.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, by the conduct, actions, and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought thereby.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, by Plaintiff's conduct, actions, and inactions, which amount to and constitute a waiver of any right or rights Plaintiff may or might have in relation to the matters alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiff has unreasonably delayed taking action in connection with the alleged claims, causing substantial prejudice to American Express, and such claims therefore are barred pursuant to the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint, and each claim and cause of action set forth therein, is barred in whole or in part, on the grounds that Plaintiff may obtain no relief under the Complaint by reason of the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Ratification)

The Complaint, and each purported cause of action therein, is barred by the conduct actions and inactions of Plaintiff under the doctrine of ratification.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Consent)

Through Plaintiff's own conduct, acts, omissions, contractual promises and agreements, Plaintiff consented to and acquiesced in American Express's conduct.

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff unreasonably has delayed taking action in connection with the alleged claims, causing substantial prejudice to American Express, and such claims therefore are barred pursuant to the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

American Express expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, American Express prays for judgment against Plaintiff as follows:

(1) That the Complaint be dismissed with prejudice;

(2) That Plaintiff take nothing from American Express by virtue of the Complaint;

(3) That the Court award American Express its attorneys' fees, expenses and costs to the full extent permitted by law; and

(4) For any other and further relief as the Court may deem just and proper.

**DATED** this 12th day of April, 2023.

        **IANNITELLI MARCOLINI, P.C.**

        By /s/ *Daniel P. Velocci*
           Daniel P. Velocci
           *Attorneys for Defendant*