P. Kristofer Strojnik, SBN 026082
THE STROJNIK FIRM LLC
pstrojnik@strojniklaw.com
Esplanade Center III, Suite 700
Phoenix, Arizona 85016
415-450-0100 (tel.)

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| PETER KRISTOFER STROJNIK, dealing with his sole and separate claim,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN EXPRESS COMPANY, a New York corporation,<br><br>Defendant. | Case No: 2:23-cv-00340-SPL<br><br>**AMENDED COMPLAINT FOR DAMAGES**<br><br>1. 15 U.S.C. 1681 et seq.<br>2. Breach of Contract<br>3. Fraud |

Plaintiff alleges:

## PARTIES

1. Plaintiff Peter Kristofer Strojnik is a married man. Plaintiff is an attorney licensed in Arizona and California. His hourly rate of $750.00 per hour has been adopted in federal court in California.

2. Defendant, American Express Company, is a New York corporation with its principal business of extending credit to consumers.

## JURISDICTION

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. 1331.

4. Jurisdiction over the state law common law claims is proper pursuant to 28 U.S.C. 1367.

5. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## ALLEGATIONS

7. Plaintiff alleges that:

    a. Defendant violated the Fair Credit Reporting Act;

    b. Defendant breached its contract with Plaintiff;

    c. Defendant engaged in common law fraud against Plaintiff.

8. Defendant reported to credit reporting agencies that Plaintiff owed $9,121.95 on a credit card.

9. Plaintiff disputed the amount and offered to settle the matter at an amount acceptable to both Plaintiff and Defendant.

10. The parties agreed that Plaintiff would pay $3,648.78 in full satisfaction of the alleged debt. In turn, Defendant agreed to advise the credit reporting agencies that the debt "Settled With Zero Balance."

11. In reliance on Defendant's representation, promise and agreement, Plaintiff paid $3,648.78.

12. Defendant, however, failed to advise the credit reporting agencies as agreed. Instead, Defendant both: (1) reported that the alleged debt was "Charged off – Bad Debt", and (2) that a balance was still owed in the amount of $5,473.00.

13. Defendant's actions caused Plaintiff to be unable to secure a home loan at an advantageous interest rate, causing him damaged in an amount to be proven at trial.

14. Defendant's misrepresentation regarding its intent to classify the debt "Settled With Zero Balance" was knowing and intentional, and uttered with the intent that Plaintiff relied thereon. Plaintiff reasonably relied thereon and was damaged thereby.

15. Before entering the agreement, Plaintiff ensured that Defendant would send a confirmation letter that the alleged debt would be reported as "Settled With Zero Balance." After numerous e-mails and contact attempts to Defendant, all communication from Defendant ceased upon its receipt of Plaintiff's settled amount.

16. Defendant acted evilly in that prior to entering into the agreement, Defendant responded to Plaintiff's contact attempts. However, after Plaintiff paid Defendant, Defendant ceased all contact with Plaintiff and refused to respond to Plaintiff's attempts to have Defendant fulfill its representations and contract.

17. Defendant's subsequent representation to the credit reporting agencies that the debt was charged off as bed debt and that a balance was still owed was made, upon information and belief, to extort additional money from Plaintiff.

18. Additionally, Defendant has further violated the Fair Credit Reporting Act by multiplying one 90-day alleged late payment by thirty-one (31) times. Defendant reports on Plaintiff's credit reports that he is 1x 30-days late, 1x 60-days late, but Defendant multiplies the 90-day late payments by thirty one times, which is incorrect, false and misleading and should only be one time just like the 30 days and just like the 60 days.

19. Accordingly, not only has Defendant breached its contract, fraudulently misrepresented, but it has also fraudulently misrepresented alleged delinquent payments on Plaintiff's credit report by multiplying one alleged 90-day late payment by thirty-one (31) times.

20. This has caused Plaintiff further damage in terms of interest rates on credit purchases.

**FIRST CAUSE OF ACTION**
**(Violation of Fair Credit Reporting Act)**

21. Plaintiff incorporates all allegations heretofore set forth.

22. Defendant is a "person" and "furnisher of information" as those terms are defined by 15 U.S.C. 1681 et seq.

23. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1681 et seq.

24. Defendant furnished false information to the credit reporting agencies regarding Plaintiff in violation of 15 U.S.C. 1681a-2(a)(1)(A).

25. Plaintiff was damaged as a result of Defendant's violation of 15 U.S.C. 1681a-2(a)(1)(A).

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Declaratory Judgment that at the commencement of this action, Defendant was in violation of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq.;

b. Injunctive relief commanding Defendant to immediately and accurately report the settled debt to the credit reporting agencies;

c. Payment of costs and attorney's fees;

d. Provision of whatever other relief the Court deems just, equitable and appropriate.

## SECOND CAUSE OF ACTION
**(Breach of Contract)**

26. Plaintiff realleges all allegations heretofore set forth.

27. The parties entered into a contract.

28. Defendant breached the contract.

29. Defendant's breach caused Plaintiff damages.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Payment of costs and attorney's fees;

b. Damages in an amount to be proven at trial; and

c. Provision of whatever other relief the Court deems just, equitable and appropriate.

## THIRD CAUSE OF ACTION
**(Fraud)**

30. Plaintiff incorporates all allegations heretofore set forth.

31. Defendant knowingly, falsely and materially represented that it would close the alleged debt and report it as "Settled With Zero Balance" to the credit reporting agencies.

32. Plaintiff's reliance on this false representation was reasonable, and Defendant intended on Plaintiff relying on it.

33. Plaintiff was damaged as a result of his reliance on the false representation.

34. Defendant committed its intentional violation of the contract and falsely represented its false intentions with an evil hand and mind, and therefore Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Payment of costs;

b. Damages in an amount to be proven at trial;

c. Punitive damages in the amount of $500,000.00;

d. Provision of whatever other relief the Court deems just, equitable and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this 13th day of April, 2023.

*/s/ P. Kristofer Strojnik*
P. Kristofer Strojnik (026082)
Attorneys for Plaintiff