IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Kristofer Strojnik,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>American Express Company,<br><br>　　　　　　Defendant. | No. CV-23-00340-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff Peter Kristofer Strojnik's Ex Parte Application for Temporary Restraining Order and Preliminary Injunction (Doc. 16). For the following reasons, the Application will be denied.[1]

**I.　BACKGROUND**

On April 13, 2023, Plaintiff filed a First Amended Complaint ("FAC") against Defendant American Express Company. (Doc. 14). The FAC alleges three causes of action: (1) violation of the Fair Credit Reporting Act ("FCRA"), 14 U.S.C. § 1681a-2(a)(1)(A); (2) breach of contract; and (3) fraud. (Doc. 14). Plaintiff seeks injunctive relief based only on the alleged FCRA violation. (Doc. 16 at 11). As it pertains to the pending Application, Plaintiff alleges that Defendant is falsely reporting to the three major credit bureaus that Plaintiff had thirty-one 90-day late payments on an account

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. See LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

with Defendant that was closed in 2019. (Doc. 16 at 1). Prior to approximately March 20, 2023, Defendant reported only three 90-day late payments on the account, which Plaintiff agrees was accurate. (Doc. 16 at 7). Plaintiff, who is in the process of buying a vacation home and is set to close on the home on May 3, 2023, alleges that "the best loan Plaintiff may be able to obtain requires him to put 40 percent of the purchase price on the vacation home as a down payment, which is directly and proximately caused by the risk involved with taking on a prospective borrower who has 31 90-day late payments on the same account." (Doc. 16 at 4). Thus, Plaintiff asks the Court to enjoin Defendant from continuing to report thirty-one 90-day late payments on his account. (Doc. 16 at 2).

## II.   LEGAL STANDARD

A party seeking injunctive relief—whether a temporary restraining order ("TRO") or a preliminary injunction—under Rule 65 of the Federal Rules of Civil Procedure must show that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest.[2] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014); *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

## III.   DISCUSSION

There are at least two reasons why Plaintiff is not entitled to injunctive relief in this case. First, district courts in the Ninth Circuit have repeatedly found that the FCRA

---

[2] The Ninth Circuit observes a "sliding scale" approach, in that these elements "are balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Thus, by example, an injunction can issue where there are "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

Separately, Plaintiff cites to Arizona law in reciting the standard for injunctive relief and throughout his Application, but as this is a case in federal court brought under federal law, it is plain that federal law applies. Still, the Arizona standard and the federal standard are essentially the same.

does not authorize injunctive relief for private plaintiffs. *See Ramirez v. MGM Mirage, Inc.*, 524 F. Supp. 2d 1226, 1236–37 (D. Nev. 2007) ("The only circuit and most district courts that have considered the issue have held a private litigant may not pursue injunctive relief under the FCRA . . . ."); *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1145 (N.D. Cal. 2005) ("This Court . . . concludes that the FCRA does clearly preclude injunctive relief."); *Peterson v. Am. Express*, No. CV-14-02056-PHX-SPL, 2016 WL 1158881, at *10 (D. Ariz. Mar. 23, 2016) ("District courts in the Ninth Circuit consistently hold that a private party may not obtain injunctive relief under the FCRA."). As the Fifth Circuit reasoned in its statutory analysis of the issue:

> the affirmative grant of power to the [Federal Trade Commission ("FTC")] to pursue injunctive relief [for FCRA violations], coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC.

*Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000); *see also* 15 U.S.C. §§ 45(b), 1681n–*o*, 1681s. This Court agrees with the Fifth Circuit's analysis and the overwhelming weight of authority that injunctive relief is not available to Plaintiff under the FCRA. *See also Fay v. Mortg. Elec. Registration Sys., Inc.*, No. C11-5458BHS, 2011 WL 5119382, at *2 (W.D. Wash. Oct. 27, 2011) (denying a preliminary injunction because "even if the Court assumes [Plaintiff] were to prevail on his claims under the . . . FCRA, the appropriate relief is money damages, not an injunction" (citing 15 U.S.C. §§ 1692k(a), 1681n–*o*)). The FCRA is the only grounds for Plaintiff's Application, so the Application must be denied. (Doc. 16 at 11).

Second, even if the FCRA did allow for injunctive relief, Plaintiff has still failed to show a likelihood of irreparable harm. "[I]rreparable harm *must* be shown to be likely in the absence of a preliminary injunction" in order for such relief to issue. *Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013) (emphasis added). To show irreparable harm, "[a] plaintiff must do more than merely allege

imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). A finding of irreparable harm requires a finding that legal remedies, such as damages, are inadequate. *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."). Thus, "economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award." *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991).

Here, it is likely that any injury Plaintiff may suffer can be remedied by compensatory damages. Initially, the FAC—filed just three days before the Application—requests only compensatory and punitive damages and costs which suggests that Plaintiff himself believes his injuries are compensable by money damages. (Doc. 14 at 5); *see Foerderer v. TransUnion Corp.*, No. 1:20-cv-188, 2021 WL 2667524, at *2 (D.N.D. Apr. 20, 2021). Further, the only specific immediate threatened injury Plaintiff alleges is a higher down payment on the home he plans to purchase.[3] This is a purely economic injury, which does not amount to irreparable harm. *See PoshVille, Inc. v. Pawnee Leasing*, No. 2:21-cv-01465-SVW, 2021 WL 4775962, at *1 (C.D. Cal. Feb. 18, 2021). Because the FCRA is not grounds for injunctive relief, and because Plaintiff has failed to show a likelihood of irreparable harm, Plaintiff is not entitled to injunctive relief.

///

///

---

[3] Although Plaintiff states that Defendant's false reporting "is akin to kryptonite for obtaining a favorable interest rate on a loan," he does not allege that he is *actually* likely to be unable to obtain a favorable interest rate. (Doc. 16 at 2). Even if he had, it would also be a purely economic injury insufficient to show irreparable harm.

1    **IT IS THEREFORE ORDERED** that Plaintiff's Ex Parte Application for
2  Temporary Restraining Order and Preliminary Injunction (Doc. 16) is **denied**.
3    Dated this 17th day of April, 2023.

_____
Honorable Steven P. Logan
United States District Judge