Daniel P. Velocci (025801)
**IANNITELLI MARCOLINI, P.C.**
5353 North 16th Street, Suite 315
Phoenix, Arizona 85016
Telephone:   (602) 952-6000
Email: dpv@imlawpc.com
Attorneys for Defendant
   AMERICAN EXPRESS NATIONAL BANK

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PETER KRISTOFER STROJNIK, dealing with his sole and separate claim,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS COMPANY, a New York corporation,<br><br>Defendant. | Case No. 2:23-cv-00340-SPL<br><br>**DECLARATION OF KEITH HERR IN SUPPORT OF DEFENDANT AMERICAN EXPRESS NATIONAL BANK'S MOTION TO COMPEL ARBITRATION AND STAY ACTION**<br><br>(Assigned to the Honorable Steven P. Logan) |

MIA 31626230v2

1  I, Keith Herr, hereby declare as follows:

2  1.  I am Assistant Custodian of Records for American Express National Bank ("AENB"). I have held the Assistant Custodian of Records position for approximately 10 years and have been employed with AENB, AECB or one of their predecessor or affiliate entities (collectively, "American Express") for 24 years. AENB is a national bank with its main office in Utah. I submit this declaration in support of the Motion to Compel Arbitration filed in this matter. Except where based on my review of records and documents regularly maintained in the ordinary course of American Express's business, all of the matters set forth below are within my personal knowledge and, if called as a witness, I could and would competently testify thereto.

2.  In connection with my duties as Assistant Custodian of Records, I have access to and am generally familiar with the cardmember account records AENB maintains, including account statements provided to cardmembers and the governing Cardmember Agreements. The account records and exhibits referred to herein were created and kept in the ordinary course of American Express's business and were created at or near the time of the occurrence of the matters set forth in those records and/or were created based upon information transmitted by a person with knowledge of the matters set forth in those records.

3.  I have reviewed AENB's records concerning the American Express Platinum Card account ending currently in 1006 (the "Account"), which AENB issued to plaintiff Peter Kristofer Strojnik ("Plaintiff") and opened on or about July 18, 2018.

4.  All American Express card accounts are governed by a written Cardmember Agreement, setting forth the terms and conditions of the cardmember's account. Pursuant to American Express's standard business practices, initial Cardmember Agreements are mailed to cardmembers together with their physical American Express card upon the opening of their American Express card account. Thereafter, updated Cardmember Agreements are

1

MIA 31626230v2

mailed to cardmembers and/or changes are set forth in monthly account statements. This policy was in place and followed when American Express opened the Account. Attached hereto as **Exhibit A** is a true and correct copy of the Cardmember Agreement that American Express mailed to Plaintiff together with his physical American Express card when American Express opened the Account on or about July 18, 2018.

5. The arbitration provision in the Cardmember Agreement governing the Account contains an opt-out provision. It is AENB's standard business practice to include a notation in its computerized system of record for American Express card accounts of those cardmembers who choose to opt out of the arbitration provision in their respective Cardmember Agreements. Plaintiff could have opted out of the arbitration provision in the Cardmember Agreement for the Account by mailing American Express a written rejection notice within 45 days of his first card purchase, but Plaintiff did not do so. I reviewed the Account records and they do not reflect an arbitration provision opt-out notation, and there is no indication in the records for the Account that Plaintiff ever notified AENB of any refusal to accept the terms of the arbitration provision contained in the Cardmember Agreement for the Account.

6. Monthly account statements are sent to cardmembers who carry a balance on their American Express card account or are otherwise required to receive a monthly statement, and American Express retains records of those account statements sent to cardmembers. The records for the Account reflect that, after American Express sent the Cardmember Agreement, charges were made on the Account. Attached hereto as **Exhibit B** is a true and correct redacted copy of the September 2018 billing statement, reflecting use of the Account after American Express mailed the American Express card together with the applicable Cardmember Agreement for the Account.

2

MIA 31626230v2

1    I declare under penalty of perjury under the laws of the State of Arizona that the
2  foregoing statements are true and correct.
3
4  Dated: April 24th, 2023
5
6                                                          _____
                                                            Keith Herr

MIA 31626230v2

3